UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Long, # 151047,<br><br>       Petitioner,<br><br>vs.<br><br>Leroy Cartledge, *Warden of McCormick Correctional Institution*,<br><br>       Respondent.<br>_____ | C/A No. 6:11-0003-HFF-KFM<br><br><br><br>**Report and Recommendation** |

## *Background of this Case*

Petitioner is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC). On February 8, 1995, in the Court of General Sessions for Orangeburg County, Petitioner was convicted of murder (Indictment No. 94-GS-38-1354) and given a life sentence. The Supreme Court of South Carolina affirmed the conviction and sentence on direct appeal. *State v. Long*, 325 S.C. 59, 480 S.E.2d 62 (1997). Petitioner filed his first application for post-conviction relief (Case No. 95-CP-38-833) in December of 1995. The application was dismissed *without prejudice* as premature because the direct appeal was pending.

Information disclosed by Petitioner in the Petition and documents filed with the respondents' return in one of Petitioner's three prior habeas corpus actions, *Long v. Ozmint*, Civil Action No. 6:06-0449-HFF-WMC, indicate that Petitioner has filed additional applications for post-conviction relief in state court: Case No. 97-CP-38-106 (dismissed on March 22, 2000; certiorari denied on October 25, 2001); Case No. 2001-CP-38-1438 (dismissed on August 11, 2002); Case No. 2003-CP-38-325 (dismissed as successive and untimely on March 22, 2004; certiorari denied on February 15, 2006); and Case No. 2010-CP-38-0220 (dismissed on October 1, 2010).

The Public Index (http://www.orangeburgcounty.org/scjdweb/publicindex) for the Orangeburg County Clerk of Court shows that Petitioner also filed a state court habeas corpus action (Case No. 2005-CP-38-1182), which was dismissed on September 5, 2008. The Public Index also reveals that Petitioner has a post-conviction case pending in the Court of Common Pleas for Orangeburg County, Case No. 2010-CP-38-0888 (filed on May 5, 2010).

In the petition in the case at bar, Petitioner raises two grounds: (1) trial judge's instruction to the jury, with respect to Petitioner's claim of self-defense, implied malice where there was no intent to kill anyone; and (2) South Carolina has violated Petitioner's Due Process rights and Equal Protection under the federal constitution and the South Carolina Constitution. Petitioner has submitted his Petition on a Section 2241 form *for use by federal prisoners*, but it is clear that Petitioner is seeking relief available only under 28 U.S.C. § 2254.

The issue of self-defense was addressed at trial and in the direct appeal. *State v. Long*, 480 S.E.2d at 63-64. Petitioner's claim of self-defense was contradicted by testimony from Petitioner's spouse and others that Petitioner had threatened to kill the victim (Petitioner's stepson) a day earlier. *State v. Long*, 480 S.E.2d at 63 ("Appellant's wife and others testified that prior to the day of the shooting, appellant stated he would kill Ronald, appellant's twenty-one year old stepson who did not live in appellant's home, if he came into the home.") (footnote omitted).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion for leave to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. Pursuant to the provisions of 28 U.S.C.

§ 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

With respect to his conviction for murder, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion required under 28 U.S.C. § 2241). Although Petitioner has exhausted his state remedies, he has, in the case at bar, submitted a successive petition.

In *Jerome Long v. Director Jon Ozmint, et al.,* Civil Action No. 6:06-0449-HFF-WMC, Petitioner on February 24, 2006, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Honorable William M. Catoe, United States Magistrate Judge, granted Petitioner's motion to proceed *in forma pauperis*, authorized service of process, and directed the respondents to file a return. After receiving an extension of time, the respondents on May 17, 2006, filed a return and a motion for summary judgment. In their motion for summary judgment, the respondents contended that the one ground raised in the habeas corpus petition — inordinate delay in the pending state court habeas corpus case — was a matter of state law, not federal law.

On May 18, 2006, Magistrate Judge Catoe, by order, apprised Petitioner of dispositive procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Petitioner filed his response to the *Roseboro* order on May 23, 2006.

In a Report and Recommendation filed in Civil Action No. 6:06-0449-HFF-WMC on October 13, 2006, Magistrate Judge Catoe recommended that the respondents' motion for summary judgment be granted. The parties were apprised of their right to file timely and specific written objections to the Report and Recommendation and of the serious consequences of a failure to so do.

On October 21, 2006, Petitioner filed objections to the Report and Recommendation in Civil Action No. 6:06-0449-HFF-WMC. In those objections (ECF No. 25

in Civil Action No. 6:06-0449-HFF-WMC), Petitioner reiterated the ground of inordinate delay raised in the original petition. On December 28, 2006, the Honorable Henry F. Floyd, United States District Judge, concluded that the objections were not specific, adopted the Report and Recommendation, and granted summary judgment to the respondents. *Long v. Ozmint*, Civil Action No. 6:06-0449-HFF-WMC, 2006 WL 3832988 (D.S.C. Dec. 28, 2006).

Petitioner's subsequent appeal in Civil Action No. 6:06-0449-HFF-WMC (Fourth Circuit Docket No. 07-6070) was not successful. On June 27, 2007, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. *Long v. Ozmint*, No. 07-6070, 231 Fed.Appx. 258, 2007 WL 1832187 (4th Cir. June 27, 2007).

Additionally, Petitioner has submitted two more habeas corpus actions to this Court. *See Long v. Ozmint*, Civil Action No. 6:07-3495-HFF-WMC, which was summarily dismissed as successive on March 31, 2008; and *Long v. Ozmint*, Civil Action No. 6:08-4142-HFF-WMC, which was voluntarily dismissed by Petitioner on January 20, 2009, after Magistrate Judge Catoe on January 9, 2009, had recommended summary dismissal of the petition because it was successive.

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 6:06-0449-HFF-WMC was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 6:11-0003-HFF-KFM) is successive.

This court may take judicial notice of Civil Action No. 6:06-0449-HFF-WMC. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

In any event, there is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he must seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3).

On December 1, 2009, the Rules governing Section 2254 and 2255 Cases in the United States District Courts were amended to require that a district court issue or deny a Certificate of Appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255 Cases. In light of the successiveness of the Petition, a Certificate of Appealability should be denied.

### *Recommendation*

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* and without requiring Respondent to file an answer or return. It is also recommended that the District Court deny a Certificate of Appealability.

Petitioner's attention is directed to the important Notice on the next page.

January 19, 2011                                           s/Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).